**ORDERED in the Southern District of Florida on January 19, 2017.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Case No: 11-44410-RAM
Chapter 13

YUDEL RODRIGUEZ
ELIZABETH LOPEZ

Debtors /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CITIBANK, N.A.**

THIS CASE came to be heard on April 10, 2012 at 9:00 AM on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 29 ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

12520 North Miami Avenue, North Miami, Florida 33168, and more particularly described as

Lot 9, Block 3, OVERBROOK SHORES, according to the Plat thereof, as recorded in Plat Book 49, at Page 51 of the Public Records of Miami-Dade County, Florida.

is $ 73,051.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Citibank, N.A. (Loan No.: xxxx8923) (the "Lender") is $ 168,466.95 .

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 0 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0 .

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on February 15, 2007 at OR BOOK 25372 Page 1779 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

_X_ Lender has not filed a proof of claim in this case. The trustee shall

not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

___ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ __________, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
355 W 49th Street,
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161

Attorney Robert Sanchez, Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.